

**SO ORDERED.**

**SIGNED this 24th day of May, 2010.**

_____
LEIF M. CLARK
UNITED STATES BANKRUPTCY JUDGE
_____

# United States Bankruptcy Court
### Western District of Texas
### El Paso Division

| | |
|---|---|
| IN RE | BANKR. CASE NO. |
| PMB PROPERTY MANAGEMENT, INC. | 10-30180-C |
| *DEBTOR* | CHAPTER 11 |
| PMB PROPERTY MANAGEMENT, INC., CHARLES KEITH BOYD, & CLAUDIA YVETTE BOYD | |
| *PLAINTIFFS* | |
| v. | ADV. NO. 10-3012-C |
| FINANCIAL FEDERAL CREDIT, INC. | |
| *DEFENDANT* | |

### DECISION AND ORDER ON MOTION OF PLAINTIFF TO DISMISS PURSUANT TO BANKRUPTCY RULES 7009 AND 7012(B)(6), OR IN THE ALTERNATIVE, FOR MORE DEFINITE STATEMENT

CAME ON for consideration the motion of the defendant to dismiss some (but not all) of the plaintiffs' causes of action, or in the alternative, to replead with greater specificity.

**Background**

This adversary proceeding grows out of the failure of Boyd Logistics, Inc. (BLI), a trucking company in El Paso, Texas. BLI filed a chapter 11 petition in 2009, but the case was eventually converted to chapter 7. The collateral of various secured lenders was (to the extent it could be) returned. One of those lenders was Financial Federal Credit, Inc. (FFCI), the defendant in this adversary proceeding. The plaintiffs are guarantors of indebtedness of BLI to FFCI.

The gravamen of the plaintiffs' complaint is that the guaranties were fraudulently induced by FFCI, or alternatively, that the guaranties (and the pledge of collateral to secure those guaranties) on the part of PMB at least were constructively fraudulent, and thus avoidable under either section 548 of title 11, or under the Uniform Fraudulent Transfer Act (as adopted in Texas), by way of section 544(b). The complaint also asserts that the guarantors are not liable to FFCI because of the manner in which FFCI conducted its foreclosure on its collateral.

The defendant filed this motion to dismiss, focusing on the causes of action that, as described by FFCI, essentially sound in fraud – fraud, fraudulent inducement, and constructive fraud. The defendant says that the complaint fails to satisfy the requirements of Bankruptcy Rule 7009, which requires that actions for fraud be pleaded with specific factual averments regarding the "who, what, when, and where" of the alleged fraudulent conduct. The defendant then adds that a failure to plead with the specificity required by Rule 7009 is grounds for dismissal under Rule 7012 (adopting Rule 12 of the Federal Rules of Civil Procedure). Rule 12(b)(6) permits a court to dismiss a complaint for failure to state a claim for which relief can be granted. Defendant then dutifully cites to the Supreme Court's decision in *Twombly* for the proposition that "greater particularity [is] required for certain matters that present high risk of abusive litigation." Motion, at p. 2, citing *Atlantic Bell v. Twombly*, 550 U.S. 544, 560-570 & n. 14 (2007).

**Analysis**

A review of the complaint shows that plaintiffs have pled that there was an original guaranty of BLI obligations executed by Keith Boyd in 2003. No complaint is made as to that guaranty. The complaint then alleges that a new guaranty was obtained from this debtor, along with a deed of trust on real property to secure that guaranty, all as a substitute for BLI's having to maintain insurance on its vehicles. A similar guaranty was allegedly obtained on the same basis from Claudia Boyd. The complaint then later alleges that FFCI in fact had no intention of waiving the requirement to insure the vehicles, as evidenced by its subsequent insistence that BLI obtain insurance on the vehicles, as was FFCI company policy. In other words, the basis for the complaint's fraud allegation was FFCI's allegedly agreeing to waive its company policy in exchange for valuable guaranties when in fact it had no intention to waive that policy.

The complaint has only one reference to this alleged misrepresentation. The complaint, at paragraph 8, says that BLI offered the guaranties of both Claudia Boyd and PMB Property Management, Inc., along with a junior lien on PMB's real property "to secure the self-insured status of BLI's loans with FFCI. Then the complaint says "FFCI agreed to the deal." Later in the complaint, we are told that FFCI then "breached the agreement" and that "upon information and belief, FFCI never had any intention of releasing the additional collateral taken to secure the self-insuring, as company policy, and FFCI deliberately omitted to tell PMB of this material fact, to PMB's detriment."

FFCI triumphantly proclaims that "fraud pleadings require stating the 'who, what, when and where' of the circumstances with respect to each an every defendant alleged to have committed fraud." Motion, at p. 4. The argument proves too much, however, because the fraud complained here is one of *omission*, not *commission*. The fraud alleged inheres in what the defendant *didn't* say.

There is no "who, what, when and where" for things that never happened. Here, the fraud alleged is the defendant's alleged *intention* not to be bound by the agreement it made at the time of the formation of the agreement. The Fifth Circuit has held that entering into an agreement with the positive intention not to perform that agreement, and failing to disclose that bad intent, is a species of fraud. *See In re Mercer*, 246 F.3d 391, 405 (5th Cir. 2001) (expressly holding that both positive concealment and mere silence, when one has a duty to speak, can constitute a fraudulent misrepresentation, and that failure to disclose an intent not to repay is a species of fraudulent misrepresentation). The court in *Mercer*, relying on the Restatement (2d) of Torts, at § 525 cmt c, said that "if ... the misrepresentation concerns intention to perform an agreement, that intention 'may be expressed but it is normally merely to be implied from the making of the agreement.' ... 'a promise necessarily carries with it the implied assertion of an intention to perform.'" *Id.*, at 407 (internal citations and emphases omitted). Here, the fraud alleged by plaintiff is FFCI's misrepresentation of an intent to perform, correctly implied by FFCI's making the agreement, when it in fact had no intention to perform. These facts are clearly pled.

FFCI would maintain that Rule 9 requires more, but after *Mercer*, it does not – at least not when the basis for the allegation of fraud is a lack of intent to perform. It will frankly be necessary for the plaintiff to develop the proof of a lack of intent to perform in the discovery process – it is frankly silly to insist that the plaintiff be able to state the facts that prove that FFCI had no intention of performing its promises, as a precondition to maintaining its suit. Indeed, in *Mercer*, it was the debtor's conduct *after the fact* that led the plaintiff in that case to believe that the defendant never had the intent to perform her promises (in that case, to repay a debt created by certain credit card use). The court pointed to other cases (in the credit card context) that had tried to identify various factors that might be indicative of a positive subjective intent not to perform, all of which are

essentially circumstantial. *See id.*, at 408, 409 (creditor may rely on circumstantial evidence to prove debtor's state of mind in order to prove fraudulent intent). The plaintiff pointed to the only circumstantial evidence that it had of FFCI's intent not to perform – its later insistence that insurance be placed, coupled with its refusal to release the deed of trust that it had obtained in conjunction with PMB's guaranty of BLI's debt. That the plaintiff does not have in hand *all* the relevant evidence that it might need to ultimately prove its case is simply because it has not yet completed discovery. And discovery is, after all, all about *discovering* evidence that the plaintiff might not currently have in hand.

We might well be able to enforce a rule that requires a plaintiff to have assembled all of its evidence before bringing suit, and then pleading that evidence with great particularity, on pain of dismissal. Such a rule would only be fair, however, if we also permitted prospective plaintiffs to conduct inquisitorial discovery of potential defendants *before* filing lawsuits. That is not the law, however. We do not permit such discovery. What is more, such a rule would give the greatest comfort to the sneakiest of fraudsters who were most adept at covering their tracks. That too (at least hopefully) is not the law. Surely, FFCI does not argue for such a rule here, not even under *Twombly*. To channel what the Court there said, a party is required to plead "enough fact to raise a reasonable expectation that discovery will reveal evidence of [subjective intent not to perform]." *Twombly*, at 556. "And, of course," added the Court, "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable." *Id.* In the context of the very difficult pleading task set by a fraud complaint premised on a subjective intent not to perform, it strikes this court that the plaintiff has pleaded sufficient facts to avoid outright dismissal under Rule 12(b)(6).

Nonetheless, the plaintiffs should at the least plead the following facts in order to survive dismissal under Rule 9(b):

- When did BLI and FFCI reach an agreement that FFCI would waive its policy regarding insurance in exchange for the receipt of guaranties and a pledge of real property from PMB?

- Who at FFCI made the agreement with FFCI?

- When did FFCI later insist on insurance on the vehicles?

- When did FFCI refuse to release either the guaranties or the deed of trust or both?

- What other facts, if any, are the plaintiffs aware of that afford circumstantial evidence that FFCI never intended to release BLI from its obligation to insure the vehicles?

None of these requirements undercuts the court's conclusion that the complaint is sufficient to state a claim so as to resist dismissal at this stage. However, pleading with greater particularity will enable the defendant to answer with more precision. The plaintiffs are directed to replead their allegation of fraud accordingly.

The defendant also maintains that the complaint fails to plead fraud with particularity with regard to the alleged fraudulent conveyance cause of action. However, the complaint alleges that an interest in property was transferred (via the deed of trust), and further that an obligation was incurred (via the guaranty), that PMB was not solvent at the time the transfer was made or obligation was incurred, and that no consideration passed to PMB in exchange for the transfer or the obligation. There are no "who, what, when, and where" facts to plead with respect to a straightforward action for constructive fraud under either section 548(a)(2) or section 4(b) of the Uniform Fraudulent Transfer Act. The complaint is sufficient on its face to pass muster under both Rules 12(b)(6) and 9(b). The motion to dismiss this cause of action is accordingly denied.

# # #